IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TAMARA LANEY,                                          CIVIL DIVISION

       Plaintiff,

                                   2:23-CV-0056-RJC

COUNTY OF ALLEGHENY COUNTY,

       Defendant.

BRIEF IN SUPPORT OF PARTIAL MOTION TO DISMISS

Pursuant to F.R.C.P. 12(b)6 Defendant, Allegheny County, files this BRIEF IN SUPPORT OF PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT.

## I.     STATEMENT OF THE CASE

Plaintiff Tamara Laney filed a three-count Second Amended Complaint alleging religious discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, violation of Emergency Use Authorization ("EUA") provisions of the United States Code, 21 U.S.C. §360bbb-3, et seq., and violation of the Americans With Disability Act ("ADA"). (2nd Am. Compl. ECF # 15.) Only those well-pled facts material to the pending motion will be set forth here and will be accepted as true by Allegheny County for the limited purposes of this pending Motion.

Ms. Laney worked for Allegheny County in as a corrections officer in the Allegheny County Jail until December 2021. (2nd Am. Compl. ¶3.) Allegheny County issued a policy requiring Allegheny County employees under the executive branch to be vaccinated against COVID-19 by December 1, 2021.[1] (2nd. Am. Compl. ¶ 6.) Ms. Laney is a Christian and submitted a religious

---

[1] Ms. Laney refers to Allegheny County's vaccine policy throughout the 2nd Amended Complaint. However, she has not attached it. Allegheny County has included the policy as Exhibit "A" to its Motion to Dismiss. This Court may consider, "an undisputedly authentic document that a

exemption request informing Defendant that she believes her body is a holy temple of the Holy Spirit and that being vaccinated would entail going against her convictions and the commands of God. (Sec. Am. Compl. ¶¶ 5,6.)  The County denied Ms. Laney's request for accommodation to remain unvaccinated and she was terminated on December 2, 2021. (2nd Am. Compl. ¶¶10, 13.)

## II.   LEGAL STANDARD

For a complaint to withstand a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), it must provide sufficient facts that, if presumed to be true, support "a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). For a claim to qualify as "plausible," the alleged facts must demonstrate "more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 678.  The Third Circuit Court of Appeals has elaborated on the pleading standard set forth in Iqbal, providing the following test for determining the sustainability of complaints challenged under Rule 12(b)(6):

> [W]hen presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."  In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

---

defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  Pension Ben. Guar. Corp. v. White Consol. Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009) (emphasis added) (internal citations to Iqbal omitted). Only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." Iqbal, 556 U.S. at 679, 129 S.Ct. 1937 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

### III.   ARGUMENT

**A. Motion to Dismiss Count III - ADA**

  i. Failure to Exhaust Administrative Remedies

Count III of the Second Amended Complaint presents a claim for alleged violation of the ADA.  This Count must be dismissed because Ms. Laney did not exhaust her administrative remedies regarding an ADA claim.  In general, before an ADA action can be filed in federal court, a plaintiff must exhaust administrative remedies by filing a Charge with the EEOC. 42 U.S.C. § 2000e; Churchill v. Star Enterprises, 183 F.3d 184, 190 (3d Cir.1999).

Only those claims alleged that are "fairly within the scope of the prior [administrative] complaint, or the investigation arising therefrom" are considered to have been exhausted. Antol v. Perry, 82 F.3d 1291, 1295 (3d Cir. 1996) (quoting Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir. 1984) (per curiam)).  Failure to comply with this requirement constitutes failure to exhaust administrative remedies and provides sufficient ground to dismiss the claim.  Hildebrand v. Allegheny Cnty., 757 F.3d 99, 112-13 (3d Cir. 2014); Ganaway v. City of Pittsburgh, No. 2:05-cv-1657, 2008 WL 336297 (Feb. 4, 2008 W.D.Pa.). Plaintiff's EEOC Charge does not include an ADA claim.

A copy of the Charge Ms. Laney filed with the EEOC is attached to the MOTION TO DISMISS as Exhibit "B."[2]

The purpose of requiring exhaustion is to afford the EEOC the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court." Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996). The requirement also "allows an employer to be put on notice of the claims likely to be filed against it." Barzanty, 361 Fed.Appx. at 414. Although the right-to-sue letter permits a plaintiff to file suit, " 'the parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.' " Webb v. City of Phil., 562 F.3d 256, 263 (3d Cir. 2009) quoting Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398-99 (3d Cir. 1976). A plaintiff will not be deemed to have made a claim with the EEOC if the plaintiff "provide[s] no facts that suggest" such a claim. Barzanty, 361 Fed.Appx. at 414.

Ms. Laney's Charge provided no facts to suggest an ADA claim. She therefore failed to exhaust her administrative remedies as to her ADA claim. Ms. Laney's EEOC Charge only indicates that she was allegedly "discriminated" against based on religion. There are no facts in the Charge relating to disability or perceived disability. A fair reading the Charge establishes that an ADA claim was not within the scope of the Charge.

---

[2] This Court must consider, "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Ben. Guar. Corp. v. White Consol. Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). This Court is to, "consider the complaint in its entirety, as well as… documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Institutional Investors Group v. Avaya, Inc., 564 F.3d 242, 252 (3d Cir. 2009). This Court may also consider, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Ben. Guar. Corp. v. White Consol. Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). In evaluating whether a plaintiff has exhausted her administrative remedies, however, courts routinely consider the plaintiff's administrative filings as public records. See, e.g, Patton v. S.E. Pa. Transp. Auth., 2007 WL 219938 (E.D. Pa. January 26, 2007).

Ms. Laney has not exhausted her administrative remedies with respect to an ADA claim. Count III should be dismissed with prejudice.

ii.     Failure to State a Cause of Action

Even if Ms. Laney had properly exhausted administrative remedies with respect to her ADA claim, she still fails to state a cause of action under the ADA in her Second Amended Complaint. Ms. Laney states, with no factual support, that Allegheny County fired her because the County "perceived" her as disabled under the ADA. (2nd. Am. Compl. ¶ 65.) Ms. Laney goes on to state that her perceived disability is her unvaccinated status and that Allegheny County failed to engage in the interactive process to discuss her perceived disability in violation of the ADA. (Sec. Am. Compl. ¶¶ 16-19, 66, 67.)

The ADA does not require an employer to accommodate an employee who is only regarded as disabled. 42 U.S.C. §12201(h) provides that an employer "need not provide a reasonable accommodation ... to an individual who meets the definition of disability in section 12102(1) of this title solely under subparagraph (C) of such section." Subparagraph (C) of section 12102(1), in turn, defines the term "disability" to include situations where an individual is "regarded as" being disabled. Majors v. General Elec. Co., 714 F.3d 527, 535 n. 4 (7th Cir. 2013) ("The amendments to the ADA clarified that employers needn't provide reasonable accommodation to a 'regarded as' disabled individual.").

Furthermore, the Second Amended Complaint does not adequately allege that Ms. Laney has a disability. To establish a prima facie case of discrimination under the ADA, a plaintiff must show, inter alia, that "he is a disabled person within the meaning of the ADA." Gaul v. Lucent Techs., Inc., 134 F.3d 576, 580 (3d Cir. 1998). As noted above, Ms. Laney only alleges that she was regarded as disabled, and the perceived disability was her unvaccinated status. To be "regarded

as disabled an individual must establish that he or she has been subjected to an [adverse employment action] because of an actual or perceived physical or mental impairment" [that is not] "transitory and minor." 42 U.S.C. § 12102 (3). Being unvaccinated is not a "mental or physical impairment," and certainly not a disability.  Accordingly, Count III should be dismissed with prejudice.

B. Motion to Dismiss Title VII Retaliation Claim

i.    Failure to Exhaust Administrative Remedies for Title VII Retaliation

Count I of the Second Amended Complaint is styled as both a Title VII Discrimination and a Title VII Retaliation claim.  However, Ms. Laney did not state in her EEOC Charge that she was bringing a  Retaliation claim.  Nor did her Charge present facts that would support a Title VII Retaliation claim.  (Exhibit B; EEOC Charge.) Ms. Laney's EEOC Charge only indicates that she was allegedly discriminated against based on religion.  A plaintiff will not be deemed to have made a claim with the EEOC if the plaintiff "provide[s] no facts that suggest" such a claim. Barzanty, 361 Fed.Appx. at 414. Ms. Laney did not exhaust administrative remedies as to a Title VII Retaliation claim.

ii.    Failure to State a Cause of Action for Title VII Retaliation

Even if Ms. Laney had properly exhausted administrative remedies with respect to a Title VII retaliation claim, she still fails to state a cause of action in her Second Amended Complaint. To make out a prima facie claim for Retaliation under Title VII a plaintiff must show: "(1) [that she engaged in] protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." Daniels v. Sch. Dist. of

Phila., 776 F.3d 181, 193 (3d Cir.2015). Ms. Laney has not plead facts sufficient to support a retaliation claim. As such, this claim must be dismissed.

### C. No Cause of Action Under Food, Drug, and Cosmetic Act (EUA)

Count II of the Second Amended Complaint appears to allege a wrongful discharge claim under the Federal Food, Drug, and Cosmetic Act ("FDCA"). The FDCA authorizes the FDA to issue an "emergency use authorization" ("EUA") for medical products, including vaccines, to be introduced into interstate commerce and administered to individuals during public health emergencies when the product has not yet undergone the standard review and approval process. 21 U.S.C. § 360bbb-3(a)(1), (2). The law requires the Secretary of Health and Human Services to impose certain conditions on persons whom it has authorized to sell unapproved drugs in a medical emergency, such as the Covid-19 pandemic. The purpose of those conditions is to assure that health care providers are informed of certain matters and that recipients of the products are informed that (1) the product has been approved for use on an emergency basis, (2) of the known risks and benefits of the product, and (3) of the option to accept or refuse administration of the product, of the consequences, if any, of refusing administration of the product, and of the alternatives to the product that are available and of their benefits and risks. 21 U.S.C. §360bbb-3 (e)(1)(A)(ii).

Ms. Laney alleges that, because all three of the currently available vaccines are subject to Emergency Use under the Emergency Use Authorization statute, the statute prohibits Allegheny County (or any other entity) from making the Covid-19 vaccines mandatory. (2nd. Am. Compl., ¶40.) Ms. Laney also alleges that Allegheny County, by denying her the right to accept or refuse

administration of the three available Covid-19 vaccines, violated the provisions of the Emergency

Use Authorization statute. (2nd. Am. Compl., ¶¶49, 50.) These claims must fail for several reasons.

First, Ms. Laney's contention that no vaccine had been approved by the FDA at the time

the policy was implemented is false and has been rejected by the courts including by Judge Cathy

Bissoon in this District in ruling on the very same policy at issue here.

> First and foremost, positions are fatally undermined by the fact that
> full authorization has been granted regarding the Pfizer vaccine. The
> court rejects the specious argument suggesting that this is not the
> case, as that is inconsistent with the facts. In fact, courts uniformly
> have rejected plaintiffs' arguments here, namely that the Pfizer
> vaccine somehow should be viewed as lacking full approval or that
> there are legally cognizable distinctions between the Pfizer brand
> name Comirnaty.

(Ex. C; Excerpts from Transcript of Preliminary Injunction Hearing; p. 176)

Second, there is no right to bring a private action to enforce the EUA, as every court to

address the issue has held. E.g., Bridges v. Houston Methodist Hospital, 543 F. Supp.3d 525, 527 (S.D.

Tex. 2021), aff'd 2022 WL 2116213 (5th Cir. June 13, 2022); Johnson v. Tyson Foods, Inc., 2022 WL

2161520 at *10 (W.D. Tenn. June 14, 2022); Miller v. Farris, 2022 WL 17079056 at *8 (C.D. Cal.

Oct. 17, 2022); DeJean v. Kelly, 2022 WL 3345329 at *2 (M.D. Fla. Aug 12, 2022); Valdez v. Lujan

Grisham, 2022 WL 3577112 at ** 5-6 (D.N. Mex. Aug. 19, 2022); Doe v. Franklin Square Union Free

School District, 568 F. Supp.3d 270 (E.D.N.Y. 2021); Bird v. Wyoming, 2022 WL 17550097 at *7 (D.

Wyoming Dec. 8, 2022); Navy Seal 1 v. Biden, 574 F. Supp.3d 1124, 1130 (M.D. Fla. 2021); Ciraci

v. J.M. Smucker Company, 2021 WL 6064748 at *2 n.1 (N.D. Ohio Dec. 22, 2021).

Third, the EUA statute does not regulate the conduct of employers implementing a

vaccination policy.  It applies to the Secretary of Health and Human Services and medical

providers who administer the vaccine.

> Even assuming full approval of the Pfizer vaccine does not render plaintiffs' arguments moot, their EUA arguments fail on at least two other grounds. First, the EUA protocols apply to the secretary of health and human services, and the informed consent provisions relate only to those who carry out any activity for which the authorization is issued; in other words, the medical providers who administer the vaccine. The statute does not apply to policymakers who must decide appropriate vaccine protocols.

(Ex. C; Excerpts from Transcript of Preliminary Injunction Hearing; p. 177.)  See also Children's Health Defense, Inc. v. Rutgers, State University of New Jersey, 2022 WL 4377515 at *10 (D.N.J. Sept 22, 2022) ("Section 564 of the Federal Food, Drug, and Cosmetic Act obligates the Secretary of Health and Human Services to establish 'conditions designed to ensure that individuals to whom the product is administered are informed ... of the option to accept or refuse administration of the product.'") (Internal citations omitted); Klaassen v. Trustees of Indiana Univ., 549 F. Supp.3d 836, 870 (N.D. Ind. July 18, 2021), aff'd, 7 F.4th 592 (7th Cir. 2021); Valez v. Grisham, 559 F. Supp.3d 1161, (D. N. Mex. 2021). Moreover, the Department of Justice issued a memorandum opinion concluding that employers are not subject to the FDCA.[3]

Fourth, Allegheny County did not force Ms. Laney (or any employee) to receive a vaccination.  Ms. Laney, in fact, did not receive one.  "That their refusal may have adverse employment consequences simply is not addressed and is immaterial for the purposes of the EUA statute." (Ex. C; Excerpts from Transcript of Preliminary Injunction Hearing; p. 177).  See also Valez v. Grisham, 559 F.Supp.3d 1161, 1171-72 (D. N.Mex. 2021); Rhoades v. Savannah River Nuclear

---

[3] Dep't of Justice, Whether Section 564 of the Food, Drug, and Cosmetic Act Prohibits Entities from Requiring the Use of a Vaccine Subject to an Emergency Use Authorization at 18 (July 6, 2021), https://www.justice.gov/olc/file/1415446/download. ("[S]ection 564 of the FDCA does not prohibit public or private entities from imposing vaccination requirements, even when the only vaccines available are those authorized under EUAs.")

Solutions, LLC, 574 F.Supp.3d 322, 344-45 (D.S.C. 2021); Klaassen v. Trustees of Indiana Univ., 549 F. Supp.3d 836, 870 (N.D. Ind. July 18, 2021), aff'd, 7 F.4th 592 (7th Cir. 2021).

For these reasons, Count II of Plaintiff's Second Amended Complaint must be dismissed with prejudice.

### D. No Punitive Damages

The Second Amended Complaint seeks punitive damages against Allegheny County. However, punitive damages are not recoverable against the County. 42 U.S.C.A. § 1981a(b)(1); Gagliardo v. Connaught Labs., Inc., 311 F.3d 565, 570 n. 3 (3d Cir.2002);  Newport v. Fact Concerts, Inc., 453 U.S. 247, 271, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).  Ms. Laney's claim for punitive damages must be dismissed with prejudice.

### E. Motion to Strike References to OSHA

OSHA is a federal agency that, among other things, addresses workplace safety for employees in various circumstances.  Plaintiff includes in her Amended Complaint a paragraph citing to OSHA's standard of masking and testing.  Plaintiff states that the accommodations Plaintiff was seeking are reasonable "as a matter of law" because OSHA permitted masking and testing.

> 16. Ms. Laney requested that the wearing of a mask and his consent to submit to Covid-19 testing at any time, be approved as a reasonable accommodation to receiving the Covid-19 vaccines because of strongly held religious belief precluding the imposition of the vaccine.
>
> 17. The aforesaid accommodations were reasonable because, inter alia, the OSHA rules regarding workplace vaccine mandates provided those precise accommodations for employees whose sincerely held religious beliefs precluding imposition of Covid-19

vaccination.  See 29 C.F.R. §§1910.501(g); and 1910.501(I)(1) See also 86 Fed. Reg. No. 212 at 61552-53(Nov. 5, 2021)(noting wearing face covering and/or testing is acceptable accommodation as matter of law); id., at 61553(noting testing acceptable accommodation for religious objection as matter of law).

(Sec. Am. Compl.  ¶¶, 16,17.)  OSHA regulations do not apply to Pennsylvania state and local governments.  (State Plans | Occupational Safety and Health Administration (osha.gov)).  See the below screenshot from the OSHA website, which sets forth which states have adopted OSHA state plans allowing for OSHA to exercise jurisdiction over state and local governments. Pennsylvania is not among them. 29 USCA § 667 State jurisdiction and plans.



Furthermore, the OSHA regulations specifically state that OSHA does not enforce or administer laws regarding accommodation under Title VII or the ADA "[I]f the vaccination, and/or testing for COVID–19, and/or wearing a face covering conflicts with a sincerely held religious belief, practice or observance, a worker may be entitled to a reasonable accommodation. Such

accommodations exist independently of the Occupational Safety and Health Act and, therefore, OSHA does not administer or enforce these laws." 86 Fed. Reg. No. 212 at 61552 (Nov. 5, 2021). See also Tice v. Bristol Myers Squibb Co., 515 F.Supp.2d 580, 600 (W.D.Pa.2007), aff'd, 325 Fed.Appx. 114 (3d Cir. 2009) (OSHA is a federal agency which is not a part of the statutory scheme of Title VII.) Thus, all averments in the Second Amended Complaint that relate to OSHA have no bearing on whether Allegheny County may have any liability in this case. Allegheny County would be unfairly prejudiced if it were required to defend these allegations. These averments must be stricken.

## IV.    CONCLUSION

Allegheny County respectfully requests that this Honorable Court GRANT the County's PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT.

Respectfully submitted,

/s/ Frances Marie Liebenguth
Frances Marie Liebenguth
Assistant County Solicitor
Pa. I.D. #314845
(412) 350-1108
Frances.Liebenguth@alleghenycounty.us

/s/ Virginia Spencer Scott
Virginia Spencer Scott
Assistant County Solicitor
Pa. I.D. #61647
(412) 350-1173
V.Scott@alleghenycounty.us

ALLEGHENY COUNTY LAW DEPARTMENT
300 Fort Pitt Commons Building
445 Fort Pitt Boulevard
Pittsburgh, PA 15219
