**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TAMMY LANEY, ) | |
| ) | No.: 2:23-cv-00056-RJC |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge Robert J. Colville |
| ) | |
| COUNTY OF ALLEGHENY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**MEMORANDUM OPINION**

Robert J. Colville, United States District Judge

Before the Court is Defendant, the County of Allegheny's, Motion to Dismiss (ECF No. 31) the Fourth Amended Complaint (ECF No. 29) and Motion to Strike (ECF No. 35). The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331. The Motions have been fully briefed and are ripe for disposition.

I.    **Factual Background & Procedural History**

In the Fourth Amended Complaint, Plaintiff sets forth the following factual allegations relevant to the Court's consideration of the Motions at issue:

Plaintiff, Tammy Laney, was employed by Defendant as a correctional officer at the Allegheny County Jail from November 2, 2015 to December 2, 2021. Fourth Am. Compl. ¶ 3. Plaintiff is a "life-long devout member of the Christian faith[,]" and submitted a religious exemption to Defendant in response to the COVID-19 vaccine mandate. *Id.* at ¶¶ 5-6. "In her exemption request, [Plaintiff] informed Defendant that she believes that her body is a holy temple of the Holy Spirit and that being vaccinated would entail going against her convictions and the

1

commands of God." *Id.* at ¶ 6.  Additionally, Plaintiff sent two emails to Defendant "outlining why the vaccine violated her sincerely held religious beliefs." *Id.*

Plaintiff alleges that Defendant ignored her emails and did not "engage in any meaningful interactive process with Plaintiff to determine whether there existed any reasonable accommodations for her sincerely held religious beliefs." *Id.* at 6-7.  Plaintiff further alleges that Defendant's sole reason for denying her religious exemption was that "it would create an undue hardship on Allegheny County." *Id.* at ¶ 13.

Additionally, Plaintiff alleges that Defendant originally provided her with reasonable accommodations including "personal protection equipment[,] testing, social distancing, and/or sanitizing" throughout the pandemic. *Id.* at ¶ 9.  Then, on December 1, 2021, Plaintiff alleges that the accommodations became an undue hardship when the vaccine mandate was put into place by Defendant. *Id.* at ¶ 9.  On December 1, 2021, following the institution of the vaccine mandate, Plaintiff was terminated "solely due to her unvaccinated status" and despite her offer to continue to use the above listed accommodations. *Id.* at ¶¶ 10-11.

Based on these allegations, Plaintiff brings claims for discrimination, retaliation, and wrongful discharge pursuant to Title VII at Count I and religious discrimination and retaliation pursuant to the Pennsylvania Human Relations Act ("PHRA") at Count II.  She alleges that she has satisfied all of her administrative prerequisites to file suit because she filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and cross-filed it with the Pennsylvania Human Relations Commission ("PHRC"). *Id.* at ¶ 2.  Plaintiff alleges the EEOC issued a Notice of Right to Sue on October 18, 2022, and she filed her Complaint within 90 days of the receipt of that notice. [1]  *Id.*

---

[1] Plaintiff's EEOC Charge of Discrimination and Notice of Right to Sue are attached as Exhibit 1 to her Fourth Amended Complaint.

On November 30, 2023, Defendant filed its Motion to Dismiss (ECF No. 31), along with its Brief in Support (ECF No. 32).  On January 12, 2024, Plaintiff filed a Brief in Opposition (ECF No. 33) along with an Affidavit in Opposition (ECF No. 34).  On January 19, 2024, Defendant filed a Motion to Strike Plaintiff's Affidavit.  ECF No. 35.  Then, on January 29, 2024, Plaintiff filed a Supplemental Brief in Opposition.  ECF No. 36.

## II.   Legal Standard

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint.  *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff.  *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).  While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A "formulaic recitation of the elements of a cause of action will not do."  *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 554).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Supreme Court of the United States has explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a

3

complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

The United States Court of Appeals for the Third Circuit instructs that "a court reviewing the sufficiency of a complaint must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). The court explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

*Connelly*, 809 F.3d at 787. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted).

In addition to reviewing the facts contained in the complaint, a court may consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994). When a document integral to or relied upon in the complaint is included, the court may also consider that document. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

### III.     Discussion

Defendant moves to dismiss Plaintiff's Title VII retaliation claim at Count I and Count II of Plaintiff's Fourth Amended Complaint.  Before addressing the Motion to Dismiss, the Court must decide the Motion to Strike Plaintiff's Affidavit.

### A.  Motion to Strike

Plaintiff filed an Affidavit in Opposition to Defendant's Motion to Dismiss.  Aff., ECF No. 34.  As argued by Defendant, the Court cannot consider this Affidavit at the motion to dismiss stage.  Mot. to Strike 1.  The Affidavit was offered only to clarify or correct allegations in the Fourth Amended Complaint, and, therefore, it is not a document that is indisputably authentic or otherwise integral to or explicitly relied upon by the Complaint.  Accordingly, the Court cannot consider the Affidavit in resolving Defendant's Rule 12(b)(6) motion.  *See Rogan v. Giant Eagle*, 113 F. Supp. 2d 777, 783 (W.D. Pa. 2000), aff'd, 276 F.3d 579 (3d Cir. 2001) ("The remaining submissions are neither referenced in the complaint nor essential to the plaintiff's claims, and we will not consider them here."); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("[A]n exception to the general rule is that a 'document *integral to or explicitly relied* upon in the complaint' may be considered 'without converting the motion[to dismiss] into one for summary judgment.'" (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1224 (1st Cir. 1996))).

For the reasons stated above, the Court will grant Defendant's Motion to Strike and will not consider Plaintiff's Affidavit when deciding the Motion to Dismiss.

### B.  Motion to Dismiss

Turning to Defendant's Motion to Dismiss, Defendant argues that the Title VII retaliation claim at Count I should be dismissed because Plaintiff has failed to exhaust her administrative

remedies and because Plaintiff has failed to state a claim.  Defendant additionally argues that Count II should be dismissed because Plaintiff has likewise failed to exhaust her administrative remedies.[2]

### a.  Count I

Exhaustion of administrative remedies is "an essential element for bringing a claim in court under Title VII."  *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001).  To preserve a claim, a plaintiff must file a charge with the EEOC within 300 days of the alleged unlawful employment practice.  *Hayden v. Allegheny Health Network*, No. 2:21-CV-525, 2022 WL 783430, at *6 (W.D. Pa. Mar. 15, 2022).  "After a plaintiff receives a Right to Sue Letter from the EEOC, the scope of a resulting private civil action is 'defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'"  *Id.* at *8 (quoting *Hicks v. ABT Assoc., Inc.*, 572 F.2d 960, 963 (3d Cir. 1978)).  "In order to include a claim in the district court action that was not included in the original EEOC charge, there must be a 'close nexus' between the facts alleged in the administrative charge and any newly raised claim."  *Id.*  "Although this standard does not necessarily preclude a plaintiff from asserting a claim for the mere failure to check a box on an EEOC Charge Form, it does prevent a plaintiff from 'greatly expand[ing] an investigation simply by alleging new and

---

[2] Defendant additionally notes that Plaintiff's Fourth Amended Complaint was filed without leave of Court.  Br. in Supp. 1, n.1.  Pursuant to Fed. R. Civ. P. 15(a)(2), a plaintiff may amend her complaint only with leave of court or the written consent of the opposing party.  Fed. R. Civ. P. 15(a)(2).  Here, Plaintiff filed a Consent Motion to Modify Deadline to File Responsive Pleading.  ECF No. 27.  In that Motion, Plaintiff informed the Court that she needed additional time to either file a response to Defendant's Motion to Dismiss the Third Amended Complaint or file another amended complaint.  *Id.*  She additionally stated that Defendant consented to the filing of said Motion.  *Id.*  Therefore, the Court understood that Plaintiff had the consent of Defendant to file her Fourth Amended Complaint.  Defendant has provided no argument in support of its "note" that Plaintiff filed her Fourth Amended Complaint without permission from Defendant or leave of court and does not request any relief.  Therefore, the Court takes no action at this time.

6

different facts when [s]he [is] contacted by the Commission following [her] charge.'" *Barzanty v. Verizon PA, Inc.*, 361 F. App'x 411, 414 (3d Cir. 2010) (quoting *Hicks*, 572 F.2d at 967).

Defendant argues that Plaintiff "provided no facts to suggest a Title VII retaliation claim at the administrative level and has therefore failed to exhaust her administrative remedies as to her Title VII retaliation claim." Br. in Supp. 6. Defendant further argues that Plaintiff's Charge only indicates that she was discriminated against on the basis of religion. *Id.* Plaintiff does not object to withdrawing her claim for retaliation based on Defendant's arguments. Br. in Opp. 1.

The Court agrees with both parties that Plaintiff has failed to adequately exhaust her administrative remedies as to her Title VII retaliation claim. Because Plaintiff has consented to withdrawing her Title VII retaliation claim, Defendant's Motion to Dismiss Count I, as to the retaliation claim only, is granted, with prejudice.

Because Plaintiff is withdrawing her Title VII retaliation claim, the Court will not address the remainder of Defendant's arguments that Plaintiff failed to state a claim as to her Title VII retaliation claim.

### b. Count II

The test outlined above for determining whether a plaintiff exhausted her administrative remedies under Title VII is the same for determining whether a plaintiff has exhausted her administrative remedies under the PHRA. *See Kopko v. Lehigh Valley Health Network*, 776 Fed. App'x 768, 773 (3d Cir. 2019).

Here, Defendant argues that Plaintiff has failed to exhaust her administrative remedies as to Count II because Plaintiff did not file her EEOC Charge with the PHRC. Br in Supp. 3. In support of this argument, Defendant states that Plaintiff's EEOC Charge does not contain a PHRC docket number and Plaintiff did not allege that she filed her EEOC charge with the PHRC or

receive a right to sue letter from the PHRC. *Id.* Instead, Defendant argues that the "only possible assertion that this matter was filed with the PHRC is found in the form language of the Charge which states, 'I understand this charge will be filed with both the EEOC and the State or local Agency, [i]f any.'" *Id.* (citing Fourth Am. Compl., Ex. 1). Defendant argues this is not enough for the Court to find that she exhausted her administrative remedies. *Id.* at 4.

Plaintiff disagrees and argues that because her EEOC Charge states that she wishes the Charge be filed with both the EEOC and the State or local Agency, the Court can find that she has exhausted her administrative remedies. Br. in Opp. 2.

The Middle District of Pennsylvania has explained that:

The EEOC and the PHRC "have entered into an agreement through which they have apportioned initial jurisdiction over discrimination complaints in order to avoid unnecessary duplication of investigatory time and effort. Under this agreement, each agency waives its right to initially review claims that are first filed with *the other agency." [*Woodson v. Scott Paper Co.*, 109 F.3d 913, 925-26 (3d Cir. 1997)]. This agreement, however, does not result in the automatic filing of a claim with the PHRC whenever an EEOC claim is filed. *Woodson*, 109 F.3d at 926. To initiate PHRC proceedings as required by the PHRA, the claimant must abide by the PHRA's filing requirements. *Woodson*, 109 F.3d at 926. This means that a claimant must either request the EEOC dually file their charge with the PHRC or file an independent complaint with the PHRA. *Woodson*, 109 F.3d at 924-27; *see Wertz v. GEA Heat Exchangers Inc.*, No. 1:14-CV-01991, 2015 WL 3581227, at *3 (M.D. Pa. June 5, 2015). Accordingly, "[a]s a general matter, therefore, if the PHRC does not receive a complainant's claim, then that complainant cannot bring suit under the PHRA." *Woodson*, 109 F.3d at 927.

*Chirico v. Borough of Delaware Water Gap*, --- F. Supp. 3d ---, 2024 WL 1890299, at *5 (M.D. Pa. April 30, 2024).

Here, like in *Chirico*, Plaintiff's EEOC charge states that she would like her Charge to be filed with both the EEOC and any State or local Agency. Fourth Am. Compl., Ex. 1. Additionally, at the top of the Charge, Plaintiff typed in "Pennsylvania Human Relation Commission" in the State or local Agency box. *Id.* This is enough for the Court to find, at this stage, that Plaintiff

sufficiently requested that her Charge be filed with the PHRC.  *See Chirico*, 2024 WL 1890299, at *5 (finding that the plaintiff requested his charge be filed with the PHRC when he wrote in PHRC in the state or local agency box and stated that he wanted his charge to be filed with the state or local agency) (citing *Kuhn v. Oehme Carrier Corp.*, 255 F. Supp. 2d 458 (E.D. Pa. 2003) (finding plaintiff had dual-filed her EEOC and PHRC claim where she forgot to check the box on the EEOC form but wrote in the local Human Rights Commission in the "State or Local Agency, if any" box. The court highlighted the fact that the plaintiff received a right to sue notice from both the EEOC and the local agency.)).

Additionally, Plaintiff attached a letter from the PHRC in her Supplemental Brief.  Supp. Br. in Opp., Ex. 1.  Unlike Plaintiff's Affidavit, discussed above, this document is indisputably authentic and integral to the Complaint.  *See Rogan*, 113 F. Supp. 2d at 783.  Therefore, the Court may rely on it when deciding the Motion to Dismiss.  This letter, dated January 24, 2024, informs Plaintiff that her case in the PHRC has been closed because she filed a civil action in state or federal court.  Supp. Br. in Opp., Ex. 1.  It also provides a case number for both her PHRC claim and EEOC claim.  *Id.*

Based on the above, the Court finds that there are questions of fact as to whether Plaintiff exhausted her administrative remedies with the PHRC.  Therefore, the Court will deny Defendant's Motion to Dismiss Count II.

## IV.  Conclusion

For the reasons discussed above, the Court will grant, in part, and deny, in part, Defendant's Motion to Dismiss.  Defendant's Motion is granted, with prejudice, as to Plaintiff's Title VII retaliation claim at Count I.  Defendant's Motion is denied as to Count II.  Additionally, the Court will grant Defendant's Motion to Strike.  An appropriate Order of Court follows.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: August 5, 2024

cc: All counsel of record